# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **TEKVOKE LLC,**  <br><br>       **Plaintiff,**  <br><br> v.  <br><br> **FUZE, INC.,**  <br><br>       **Defendant.** | Case No.  <br><br> **Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Tekvoke LLC, by and through the undersigned counsel, files this Complaint for patent infringement against Defendant, and in support states, all upon information and belief:

### PARTIES

1.      Plaintiff Tekvoke LLC ("Tekvoke" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of Texas and having its registered office at 815 Brazos St Ste 500, Austin, Tx 78701-2509 and an office address at 15922 Eldorado Parkway, Suite 500-1703, Frisco, Texas 75035.

2.      Defendant Fuze, Inc. ("Fuze" or "Defendant") is a corporation organized and existing under the laws of the State of Delaware.  Fuze maintains its registered office at The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801, and has offices at 2 Copley Place, Floor 7, Boston, MA 02116, as well as in other cities of this country and around the world.

## JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant at least because Defendant is a corporation organized under the laws of the State of Delaware.

5.     Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b) because Defendant is deemed to be a resident of this District.

## PATENT 6,687,343

6.     U.S. Patent No. 6,687,343, entitled "Internet Communication Control Apparatus And Communication Terminal Calling Method" (the "343 Patent") was duly and legally issued on February 3, 2004. A true and correct copy of the '343 Patent, including its Certificate of Correction issued May 3, 2005, is attached as Exhibit A.

7.     The Patent disclosed and exemplified a unique and valuable system for improving the performance of communication terminals, and, in particular, a system where there are incoming calls, the calling signals are repeatedly output to the communication terminal at predetermined intervals until the communication terminal answers. When one communication terminal is called before another communication terminal answers its preceding call, calling signals to each communication terminal are repeatedly output alternately. Thus, a simple structure that is capable of changing output destinations for very calling signal output is provided. Upon receiving multiple incoming calls at about the same time, the apparatus can repeatedly output calling signals to corresponding communication terminals, without having multiple calling signal output apparatuses. (See '343 Abstract).

8. Plaintiff is the named assignee of, owns all right, title and interest in, and has standing to sue and recover all past damages for infringement of the '343 Patent.

## COUNT I – INFRINGEMENT OF THE '343 PATENT

9. Plaintiff restates and incorporates by reference the foregoing allegations.

10. Fuze directly infringed at least claim 1 of the '343 Patent by at least using an internet communication control apparatus selectively connected to a plurality of communication terminals and to a computer network, where the internet communication control apparatus is within the scope of claim 1 of the '343 Patent, and selling the services of the apparatus accused of infringement ("Accused Instrumentality").

11. Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart detailing the correspondence between the Accused Instrumentality and claim 1 of the '343 Patent.

12. As recited in Claim 1, the Accused Instrumentality is an internet communication control apparatus (Plaintiff cannot specifically identify each component of the apparatus because such information is maintained in confidence by the Defendant, but system utilized by Defendant will inherently and necessarily include the computers, gateways, switches/controllers and server that provide a VoIP platform) selectively connected to a plurality of communication terminals (e.g., desk phones and mobile app installed smart devices) and to a computer network.  See Ex. B.

13. As recited in Claim 1, the Accused Instrumentality utilizes a controller (e.g., a controller inherent in the hosted PBX/VoIP system) configured to transmit calling signals to the plurality of communication terminals (e.g., desk phones and mobile app installed smart devices), wherein a single calling signal having a first predetermined time period is transmitted to one

communication terminal (e.g., user defined single agent) of said plurality of communication terminals (e.g., desk phones and smartphones with the mobile application installed) when a single calling request (e.g., an incoming call) is detected from the computer network (e.g., Defendant's cloud VoIP). See Ex. B.

14. As recited in Claim 1, the Accused Instrumentality includes plural calling signals having a second predetermined time period (e.g., user defined connect timeout) are sequentially transmitted to plural communication terminals (e.g., multiple agents in queue to receive incoming calls) of said plurality of communication terminals (e.g., desk phones and smartphones with the mobile application installed) when plural calling requests are detected from the computer network, said plural calling signals being transmitted one after another to the plural communication terminals (e.g., multiple agents in the queue which can be desk phones and mobile app installed smart devices). See Ex. B.

15. As recited in Claim 1, the Accused Instrumentality utilizes a controller (e.g., a controller inherent in the hosted PBX/VoIP system) which is provided with an advance call forwarding feature wherein users can configure the number of agents that can be called/receive an incoming call as well as predetermined time period for calling signals. In the case where multiple agents are receiving calls from the queue (i.e. plural calling signals to plurality of communication terminals) there exist a provision for sequential transmission of call to plurality of communication terminals. See Ex. B.

16. In violation of 35 U.S.C. §271, Defendant is now, and has been directly infringing the '343 Patent. Defendant has directly infringed and continues to directly infringe at least one claim of the '343 Patent by using, at least through internal testing or otherwise, the Accused Instrumentality.

17.     Defendant has had knowledge of infringement of the '343 Patent at least as of the service of the present Complaint.

18.     As a result of Defendant's infringement of the '343 Patent, Plaintiff has suffered damages.

19.     Plaintiff is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

20.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint.  The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff Tekvoke LLC respectfully requests that the Court find in its favor and against Defendant Fuze Networks, Inc., and that the Court grant Plaintiff the following relief:

A.     an adjudication that Defendant had infringed the '343 Patent;

B.     an award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '343 Patent through its expiration, including pre-judgment and post-judgment interest, costs, expenses, and an accounting of all infringing acts; and

     C.    any and all such further relief at law or in equity that the Court may deem just and proper, including but not limited to attorneys' fees.

Dated: March 31, 2020                Respectfully submitted by:

*/s/ George Pazuniak*
George Pazuniak (#478)
O'KELLY & ERNEST, LLC
824 N. Market Street
Suite 1001A
Wilmington, DE 19801
(302) 478-4230
gp@del-iplaw.com

*Attorney for Plaintiff*